UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIA MAGDALENA GOMERA OLIVARES,

               Petitioner,

    v.

JULIO HERNANDEZ ET AL.,

               Respondents.

CASE NO. 2:26-cv-02102-JHC

ORDER

This matter comes before the Court on Maria Magdalena Gomera Olivares's Petition for Writ of Habeas Corpus. Dkt. #1. Petitioner argues that she was re-detained on May 7, 2026, without prior notice or an opportunity to be heard before a neutral decisionmaker, in violation of her constitutional right to due process. *Id*. at 6–10.

After the petition was filed, the Court issued a scheduling order directing Respondents to show cause why a writ of habeas corpus should not be granted. *See* Dkt. # 3. Respondents have failed to do so. *See generally* Dkt. # 5; *see also Grajeda Velazquez v. Wamsley*, 2026 WL 84223, at *2–5 (W.D. Wash. Jan. 12, 2026) (granting habeas relief, despite Respondents claiming that Petitioner violated certain conditions of release, because re-detention without adequate notice and opportunity to be heard violates Petitioner's constitutional right to due process); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1321–24 (W.D. Wash. 2025) (same);

ORDER - 1

*Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1135–37 (W.D. Wash. 2025) (same); *Petrov v. Hermosillo*, 2026 WL 98761, at *1–4 (W.D. Wash. Jan. 14, 2026) (same).  The Court also notes that Respondents' emphasis on Petitioner's purported ATD (Alternatives to Detention) violations does not change this result: "[t]hat the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process." *E.A. T.-B.*, 795 F. Supp. at 1322.  Nor do Respondents' cited cases on post-deprivation hearings, as most of these cases involve arrests and criminal charges, *see* Dkt. # 5 at 11–12, which are not at issue here.  And Respondents' other arguments—those that relate to mandatory detention under 8 U.S.C. § 1225(b) and bond hearings under 8 U.S.C. § 1226(a)—have been consistently rejected by courts in this district and are meritless.  *See, e.g.*, *P.T. v. Hermosillo*, 2025 WL 3294988 (W.D. Wash. Nov. 26, 2025); *Sarwari v. Wamsley*, 2026 WL 279968 (W.D. Wash. Feb. 3, 2026); *M.A. v. Noem*, 2026 WL 809561 (W.D. Wash. Mar. 24, 2026).

Accordingly, the Court concludes that Petitioner has shown by a preponderance of the evidence that she is "in custody in violation of the Constitution or laws or treaties of the United States" and is therefore entitled to habeas relief.  *See* 28 U.S.C. § 2241(c).  It thus,

(1) GRANTS the Petition for Writ of Habeas Corpus (Dkt. # 1).

(2) ORDERS Respondents to release Petitioner from custody within 24 hours on the same conditions of release previously imposed before her arrest in May 2026. Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from re-detaining Petitioner unless and until she is provided with adequate notice and a hearing before a neutral decisionmaker to determine whether re-detention is appropriate.

//

ORDER - 2

Dated this 7th day of July, 2026.

John H. Chun
United States District Judge

ORDER - 3